IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STANCE DAVID JACOBY O'GWYNN, SR., | ) ) ) |
| Plaintiff, | ) NO. 3:17-cv-00503 |
| | ) JUDGE RICHARDSON |
| v. | ) ) |
| RUTHERFORD COUNTY, TENNESSEE, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Stance David Jacoby O'Gwynn, Sr. filed this action against his former employer, Defendant Rutherford County, Tennessee, asserting Family Medical Leave Act ("FMLA") interference and retaliation claims as well as Americans with Disabilities Act ("ADA") discrimination, retaliation, and failure to accommodate claims. (Doc. No. 1.) Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 30), supported by an accompanying brief (Doc. No. 31).[1] Plaintiff filed a response in opposition (Doc. No. 46), and Defendant replied (Doc. No. 50). For the reasons stated below, Defendant's motion will be granted in part and denied in part.

## FACTUAL BACKGROUND

In September 2010, Plaintiff began working at the Rutherford County Sherriff's Office ("SO") as Major over Law Enforcement. (Doc. No. 47 ¶¶ 10, 13.) As Major over Law

---

[1] Defendant's motion, although styled as a motion for summary judgment, is actually one for partial summary judgment, as it does not specifically move for summary judgment on Plaintiff's failure to accommodate claim under the ADA. Defendant moves for summary judgment on all other claims.

Enforcement, Plaintiff was fourth in command at the SO and oversaw, *inter alia*, school resource officers, patrol, and the special investigative bureau.[2] (*Id.* ¶¶ 10, 12.)

Plaintiff took twelve weeks of FMLA leave to care for his sick father from March 2, 2015 to May 25, 2015. (*Id.* ¶¶ 16-17.) On May 25, 2015, Plaintiff's FMLA leave expired, and he returned to work in the same position with the same pay. (*Id.* ¶¶ 19-21.) Plaintiff worked until August 14, 2015 as Major over Law Enforcement. (*Id.* ¶ 21.)

On August 14, 2015, Plaintiff had an allergic reaction, which consisted of a rash and anaphylactic shock. (*Id.* ¶ 22.) Plaintiff requested leave from August 14, 2015 to October 28, 2015, which Sherriff Robert Arnold granted. (Doc. No. 51 ¶ 9.) Although Plaintiff was not working, he was paid based on sick leave during this time. (Doc. No. 47 ¶ 24.) Plaintiff first used his accrued sick leave. (*Id.*) On September 20, 2015, Plaintiff completed an "Employee Request for Leave" to receive sick leave donations from other employees from September 25, 2015 to October 23, 2015. (*Id.* ¶¶ 24-25, 27.) At this time, Plaintiff did not request FMLA leave because he had already taken the full amount of FMLA leave allowed in 2015. (*See id.* ¶ 26.)

When Plaintiff returned to work on October 26, 2015, he was told he needed a doctor's note allowing him to work. (*Id.* ¶ 28.) Plaintiff obtained such note, and he returned to work on October 28, 2015 in the same job with the same pay. (*Id.* ¶¶ 29-30.) On October 30, 2015, Plaintiff received a "Report of Action," which stated that he would be moved to Deputy Sherriff in patrol as part of a reorganization. (*Id.* ¶ 34.) The reassignment to patrol deputy would have resulted in a pay loss of $25,000-$30,000—half of Plaintiff's pay as Major over Law Enforcement. (Doc. No. 51 ¶ 27.) Plaintiff refused to sign the "Report of Action." (Doc. No. 47 ¶ 36.) Plaintiff then said to Sherriff Robert Arnold, "I'll make you a deal . . . if you approve my sick leave until the end of

---

[2] The title of Plaintiff's position was later changed to Commander. (Doc. No. 47 ¶ 15.)

the year, January 1st, I'll retire." (*Id.* ¶ 37.) Chief Randy Garrett responded, "Go ahead and write up your retirement letter and sign it right now and you're good." (*Id.* ¶ 39.) Plaintiff then went on leave until he officially retired on January 1, 2016. (Doc. No. 51 ¶ 20.)

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Trans. Co.,* 446 F.3d 637, 640 (6th Cir. 2006). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record—including, *inter alia*, depositions, documents, affidavits, or declarations—that it believes demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018); Fed. R. Civ. P. 56(c)(1)(A). The

non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman*, 901 F.3d at 628.

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Id.* Credibility judgments and weighing of evidence are improper. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## DISCUSSION

Plaintiff alleges the following claims: (1) FMLA interference; (2) FMLA retaliation; (3) ADA retaliation; (4) ADA discrimination; and (5) ADA failure to accommodate. (Doc. No. 1 at 3-5.) As discussed above, Defendant moves for summary judgment on all claims except the ADA failure to accommodate claim. The Court discusses each claim in turn.

### I. FMLA Interference Claim

FMLA interference claims follow the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). *Donald v. Sybra, Inc.*, 667 F.3d 757, 762 (6th Cir. 2012). To establish a *prima facie* case of FMLA interference, the plaintiff must show: (1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which

he was entitled. *Id.* at 761. Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to offer a legitimate non-discriminatory explanation for its action. *See id.* If the defendant does so, the burden shifts back to the plaintiff who must introduce evidence showing that the proffered explanation is pretext. *See id.*

Defendant moves for summary judgment on the fifth element of Plaintiff's FMLA interference claim. Specifically, Defendant argues that Plaintiff's only request for FMLA leave, from March 2, 2015 to May 25, 2015, was granted, and Defendant did not interfere with it. Although Plaintiff does not address either of his FMLA claims in his opposition, the Court cannot grant Defendant's motion for summary judgment without determining that Defendant has met its summary judgment burden.[3] *See Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) ("'a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.'" (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).

The parties do not dispute that Defendant approved Plaintiff's request for FMLA leave to care for his sick father from March 2, 2015 to May 25, 2015. (Doc. No. 47 ¶¶ 16-17.) The parties also do not dispute that Plaintiff's FMLA leave expired on May 25, 2015, and he returned to work in the same position with the same pay. (*Id.* ¶¶ 20-21.) Plaintiff presents no evidence to the contrary. Plaintiff also does not discuss or even identify any evidence that Defendant interfered with his FMLA leave or otherwise denied him FMLA benefits. Therefore, Plaintiff has not demonstrated that he can establish his *prima facie* case of FMLA interference. Accordingly, the

---

[3] In fact, Plaintiff refers to his case as if it is brought solely under the ADA in his opposition. *See* Doc. No. 46 at 1 ("There are disputed issues of fact in this Americans with Disabilities Act . . . case.").

Court will grant Defendant's summary judgment motion with respect to the FMLA interference claim and dismiss that claim with prejudice.

## II.     FMLA Retaliation Claim

FMLA retaliation claims also follow the burden-shifting framework discussed above. *See Donald*, 667 F.3d at 762. To establish a *prima facie* case of FMLA retaliation, the plaintiff must show: (1) he engaged in an activity protected by the FMLA; (2) his employer knew that he was exercising his FMLA rights; (3) his employer took an adverse employment action; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *Hall v. Ohio Bell Tel. Co.*, 529 F. App'x 434, 439 (6th Cir. 2013). Defendant argues that Plaintiff cannot demonstrate the fourth element of his *prima facie* case—a causal connection between his FMLA leave and an adverse employment action. As previously discussed, Plaintiff does not address this claim in his opposition.

Plaintiff can prove his FMLA retaliation claim using direct or circumstantial evidence. *Ferrari v. Ford Motor Company*, 826 F.3d 885, 897 (6th Cir. 2016). Plaintiff has not discussed any direct evidence of FMLA retaliation. The parties do not dispute the material facts pertinent to this issue. As previously discussed, Plaintiff took FMLA leave to care for his sick father from March 2, 2015 to May 25, 2015. (Doc. No. 47 ¶¶ 16-17.) On May 25, 2015, Plaintiff's FMLA leave expired, and he returned to work in the same position with the same pay. (*Id.* ¶¶ 20-21.) Plaintiff worked until August 14, 2015 as Major over Law Enforcement, when he left for several months on sick leave. (*Id.* ¶ 21; Doc. No. 51 ¶ 9.) The only potential adverse employment action in this case occurred when Plaintiff returned from his sick leave in late October 2015.[4] Plaintiff

---

[4] This adverse employment action is discussed in more detail in Part III.

has not presented any direct evidence that an adverse employment action occurred because of his FMLA leave.

The evidence in the record also does not demonstrate sufficient circumstantial evidence of a causal nexus between his FMLA leave and an adverse employment action. The time between Plaintiff's return from FMLA leave and the only potential adverse employment action in this case was approximately five months. "In this circuit, a period of more than four months was found to be too long to support an inference of causation." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 550 (6th Cir. 2008); *see also Flagg v. Staples the Office Superstore E., Inc.*, 138 F. Supp. 3d 908, 918 (N.D. Ohio 2015) ("In light of . . . Sixth Circuit holdings, temporal proximity of five months is insufficient to establish a causal connection in and of itself."). Plaintiff has not discussed any additional circumstantial evidence of causation. Plaintiff, therefore, has not demonstrated a *prima facie* case of FMLA retaliation. Accordingly, Defendant is entitled to summary judgment on the FMLA retaliation claim, which will be dismissed with prejudice.[5]

**III.    ADA Retaliation Claim**

Plaintiff's ADA retaliation claim also follows the burden-shifting framework discussed above. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014). To establish a *prima facie* case of retaliation under the ADA, the plaintiff must demonstrate: (1) he engaged in protected activity; (2) his engagement in that protected activity was known to his employer; (3) his employer, thereafter, took an adverse employment action against him; and (4) a causal link exists between his engagement in the protected activity and the adverse employment action. *Clark v. City of*

---

[5] Because the Court grants Defendant's motion on the aforementioned basis, it declines to address Defendant's additional argument here regarding an adverse employment action. As previously mentioned, this argument is discussed in the context of Plaintiff's ADA retaliation claim in Part III.

*Dublin, Ohio*, 178 F. App'x 522, 525 (6th Cir. 2006). Defendant argues that its motion should be granted on Plaintiff's ADA retaliation claim because Plaintiff cannot demonstrate that Defendant took an adverse employment action against him.[6] The Court disagrees.

Reassignments and position transfers can qualify as adverse employment actions, particularly where they are accompanied by salary or work hour changes. *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010) (citing *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885-86 (6th Cir. 1996)). In addition, such reassignments may be considered adverse employment actions where there is evidence of a "less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Kocsis*, 97 F.3d at 886. The parties do not dispute that Plaintiff was demoted from Major over Law Enforcement to patrol deputy, which would have resulted in a pay loss of $25,000-$30,000—half of Plaintiff's pay. (Doc. No. 51 ¶¶ 27-28.) In addition, Plaintiff would have lost significant job duties and status in the SO with this demotion. (*Id.* ¶ 28.) Therefore, Plaintiff has put forth sufficient evidence such that a reasonable jury could find that his demotion constituted an adverse employment action.

Defendant presents three arguments against this holding, none of which the Court finds persuasive. First, Defendant argues that Plaintiff's testimony that he was going to be moved to

---

[6] Although Defendant does not specifically mention Plaintiff's ADA retaliation claim (as opposed to Plaintiff's ADA discrimination claim) in the context of its adverse employment action argument, Defendant asks the Court to dismiss Plaintiff's Complaint in its entirety and states, "Because there is no constructive discharge, which is ultimately the Plaintiff's alleged adverse employment action . . . the ADA claim[] . . . fail[s]." (Doc. No. 31 at 8.) In his opposition, Plaintiff addresses Defendant's argument regarding an adverse employment action in the context of his ADA retaliation claim. Accordingly, the Court construes Defendant's motion as requesting summary judgment on the ADA retaliation claim based on Plaintiff's supposed inability to demonstrate an adverse employment action. The Court also notes that Defendant mischaracterizes Plaintiff's ADA claim as solely alleging an adverse employment action based on constructive discharge. The Complaint also alleges demotion as an adverse employment action. (*See* Doc. No. 1 ¶ 39.)

patrol deputy, without documentary evidence, is insufficient to defeat Defendant's motion. Yet, the Sixth Circuit has held that a plaintiff's testimony, without any additional corroboration, can be sufficient to defeat a motion for summary judgment. *Moran v. Al Basit, LLC*, 788 F.3d 201, 205 (6th Cir. 2015). Furthermore, it is axiomatic that the Court cannot make a credibility determination on summary judgment. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). In the absence of contrary evidence from Defendant, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff's testimony is sufficient here. Second, Defendant argues that Plaintiff cannot demonstrate his demotion constituted an adverse employment action because he never actually worked as patrol deputy. However, Plaintiff need not have actually worked as patrol deputy for his demotion to constitute an adverse employment action. The demotion by itself is the adverse employment action, and Defendant does not dispute that it demoted Plaintiff. (*See* Doc. No. 51 ¶¶ 27-28.) Third, Defendant argues that it, at most, threatened to demote Plaintiff. Defendant, however, points to no evidence in the record to support its assertion, and, as previously discussed, Defendant does not dispute that it demoted Plaintiff. Accordingly, the Court will deny Defendant's summary judgment motion on Plaintiff's ADA retaliation claim.[7]

---

[7] The Court declines to address Defendant's constructive discharge argument (and Defendant's related assertion regarding the purported significance of Plaintiff's voluntary retirement/resignation, set forth at, *e.g.*, Doc No. 31 at 1) because, as previously discussed, Plaintiff can demonstrate a different adverse employment action—his pre-retirement demotion. Also, for the first time in its reply brief, Defendant argues that summary judgment should be granted in its favor on Plaintiff's ADA retaliation claim because Plaintiff cannot demonstrate that: (1) he was disabled; and (2) any of Defendant's proffered non-discriminatory reasons for its actions were pretextual. (Doc. No. 50 at 4-5.) The Court will not address these arguments because they are raised for the first time in Defendant's reply. *See In re Anheuser-Busch Beer Labeling Mktg. & Sales Practices Litig.*, 644 F. App'x 515, 529 (6th Cir. 2016) (holding that arguments raised for the first time in reply briefs are forfeited).

## IV.   ADA Discrimination

The *McDonnell Douglas* burden-shifting approach also applies to Plaintiff's ADA discrimination claim. *See Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 453 (6th Cir. 2004). To establish a *prima facie* case of disability discrimination, Plaintiff must show: (1) he is disabled; (2) he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of a disability. *Cardenas-Meade v. Pfizer, Inc.*, 510 F. App'x 367, 369 (6th Cir. 2013). Defendant argues that its motion should be granted because Plaintiff cannot establish the first and third elements—that he was disabled and that he suffered an adverse employment action. Because the Court held above that Defendant is not entitled to summary judgment based on its adverse employment action argument, the issue is whether Plaintiff can raise a genuine dispute of material fact as to the first element of his discrimination claim. The Court finds that he can.

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of the disability of such individual. *See* 42 U.S.C. § 12112(a). "Disability" means: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Plaintiff raises a genuine dispute of material fact as to whether he had a record of such impairment under 42 U.S.C. § 12102(1)(B). In general, "[a]n individual has a record of a disability

if the individual has a history of a . . . physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k)(1); *see Spence v. Donahoe*, 515 F. App'x 561, 570 (6th Cir. 2013). To establish a record of disability, a plaintiff needs to show only that at some point in the past he had a substantially limiting impairment. *Donahoe*, 515 F. App'x at 570. "Whether an individual has a record of an impairment that substantially limited a major life activity shall be construed broadly to the maximum extent permitted by the ADA and should not demand extensive analysis." 29 C.F.R. § 1630.2(k)(2); *see also Barlia v. MWI Veterinary Supply, Inc.*, Case No. 15-10243, 2017 WL 345644, at *5 (E.D. Mich. Jan. 24, 2017), *aff'd*, 721 F. App'x 439 (6th Cir. 2018) (holding that the statutory definition of disability shall be construed in favor of broad coverage of individuals under the ADA to the maximum extent permitted by the statute's terms); 29 C.F.R. § 1630.1(c)(4) ("The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability.").

Here, when construing the definition of disability in favor of the broad coverage of individuals under the ADA, Plaintiff can demonstrate that he had a physical impairment that substantially limited one or more major life activities. The undisputed evidence in the record reflects that Plaintiff did not work for approximately two and a half months because of his health condition, at his physician's recommendation. (Doc. No. 51 ¶¶ 9-10.) Plaintiff suffered from three to six anaphylactic episodes over this time period, where he broke out in hives and had shortness of breath for several hours at a time. (*Id.* ¶¶ 12, 14, 22.) During these episodes, Plaintiff could not work or do anything besides stay at home in a stationary position. (*Id.* ¶ 22.) Defendant, however, argues that Plaintiff cannot demonstrate the first element of his disability discrimination case because Plaintiff admitted that he was not disabled at the time of the adverse employment action

11

and Plaintiff returned from sick leave with a doctor's note releasing him to work without restriction. (*See* Doc. No. 31-1 at 129.) This argument is unavailing. As previously discussed, Plaintiff can demonstrate the first element of his *prime facie* case by showing that at that time he had a record of an impairment that substantially limited one or more major life activities. Accordingly, Defendant's motion for summary judgment on Plaintiff's ADA discrimination claim will be denied.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's Motion for Summary Judgment (Doc. No. 30). The Court will **GRANT** Defendant's motion on Plaintiff's FMLA claims, and those claims will be **DISMISSED WITH PREJUDICE**. The Court will **DENY** Defendant's motion on Plaintiff's ADA retaliation and ADA discrimination claims. The case will proceed to trial on those claims and the ADA failure to accommodate claim.

An appropriate order will be entered.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE